**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| In re:<br><br>PUERTO RICO HOSPITAL SUPPLY, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 19-01022 (ESL) |

**NOTICE OF INTENT TO OPPOSE CASH COLLATERAL MOTION AND TO INFORM
PRE-PETITION FORECLOSURE OF DEBTOR'S ACCOUNT RECEIVABLES**

**TO THE HONORABLE ENRIQUE S. LAMOUTTE
U.S. BANKRUPTCY COURT:**

COMES NOW, Banco Santander de Puerto Rico ("BSPR" or "Santander") in its capacity as Lender and Administrative Agent, by and through its undersigned counsel, and respectfully states and prays as follows:

1. Debtor filed the instant case on February 26, 2019. <u>See</u>, Docket No. 1.

2. Debtor also filed an *Urgent motion for entry of interim order: (I) authorizing use of cash collateral; (II) granting the secured creditor adequate protection; (III) scheduling a final hearing; and (IV) granting related relief* (the "Urgent Motion"). <u>See</u>, Docket No. 3.

3. Pursuant to the Urgent Motion, Debtor's proffered adequate protection is illusory, as it simply offers to prime Santander's already senior lien over its existing collateral. Thus, Santander does not consent to the Debtor's proffered proposal for adequate protection and does not consent to the use of its Cash Collateral. The foregoing is without prejudice to the Debtor and Santander engaging in subsequent discussions concerning the Debtor's proposal.

4. Absent an agreement with the Debtor, Santander advises that it will oppose Debtor's Motion to Use Cash Collateral and requests an opportunity to be heard prior to the entry of any interim

1

order. Furthermore, the Urgent Motion fails to comply with the requirements of LBR 4001-2(c) because it does not include an affidavit in support thereof. Notwithstanding the foregoing, Santander also informs the Court that it foreclosed extra judicially on the Debtor's accounts receivable prior to the filing of the petition in this case, for which reason the accounts receivable upon which Santander foreclosed are not part of the Debtor's Estate. *See*, In re: AA 10,000 Corp., 2007 Bankr. LEXIS 5091, *11-13 (Bankr. D.P.R. 2007).

5. As a matter of background, on April 28, 2017, Debtor entered into a *Credit Agreement (Revolving Line of Credit and Letters of Credit)* (the "Credit Agreement") with Banco Santander Puerto de Rico and FirstBank PR (the "Lenders").

6. Pursuant to the Credit Agreement, the Lenders provided the Debtors a revolving credit facility in the amount of $32,000,000.00.

1. To secure Debtors' obligations under the Credit Agreement, the Debtors granted a first priority security interest over all of the assets of the Debtors, including but not limited to its inventories, accounts receivable, and any proceeds thereof[1]. *See* Security Agreement dated April 28, 2017 executed

---

[1] (a) All accounts (as defined in the UCC), receivables, accounts receivable, lease receivables, contract rights, chattel paper, drafts, acceptances, instruments, writings evidencing a monetary obligation or a security interest or a lease of goods, general intangibles and other obligations of any kind, now or hereafter existing, whether or not arising out of or in connection with the sale or lease of goods or the rendering of services, and all rights now or hereafter existing in and to all security agreements, leases, and other contracts securing or otherwise relating to any such accounts, receivables, accounts receivable, lease receivables, contract rights, chattel paper, drafts, acceptances, instruments, writings evidencing a monetary obligation or a security interest or a lease of goods, general intangibles or obligations (collectively, the "Receivables"); and (b) All inventory (as defined in the UCC) in all of its forms, wherever located, now or hereafter existing and whether acquired by purchase, merger or otherwise and all raw materials and work in process therefor, all finished goods thereof and all materials used or consumed in the manufacture, bottling, packing, shipping, advertising, selling, leasing or production thereof, goods in which the Grantor has an interest in mass or joint or other interest or right of any kind and goods which are returned to or repossessed by the Grantor, and all accessions thereto and products thereof and documents therefor (any and all of the foregoing being the "Inventory"); (c) all fixtures (as defined in the UCC), including, but not limited to, all air conditioning, plumbing, electrical, lighting, communications and elevator fixtures and usable in connection with the present or future development, construction, use, operation, enjoyment and occupancy of the Mortgaged Property (as more particularly described in Schedule I attached hereto and made a part hereof), and all building equipment owned by the Grantor, or in which the Grantor has or shall have an interest, or any part thereof, or appurtenant thereto; and all such property of the Grantor used or usable in connection with the present or future development, construction, use, operation, management, enjoyment and occupancy of the Mortgaged Property, or any part thereof, including all such property which under the laws of the applicable jurisdiction may properly be characterized or classified as real property; and (d) All products and cash and

by and between Puerto Rico Hospital Supply, Inc., Customed, Inc. and Santander, attached hereto as **Exhibit 1**.

2. The Lenders perfected their security interests granted by the Debtors[2] pursuant to the Security Agreement. *See*, Certified Copies of the UCC-1 Forms attached hereto as **Exhibit 2**.

3. As of February 22, 2019, the outstanding balance due by Debtors to Lenders under the Credit Agreement was $24,793,912.51.

4. On July 30th, 2017, the Credit Agreement matured. Moreover, the Debtors also incurred in several additional defaults with respect to their obligations under the Credit Agreement.

5. On January 16, 2019, Santander in its capacity as administrative agent on behalf of the Lenders, provided additional written notice to the Debtors informing that the Credit Agreement had matured; therefore, all amounts owed under the Credit Agreement were immediately due and payable. Further, Santander informed Debtors of additional event of default which had occurred and were continuing under the matured Credit Agreement. *See* Letter dated January 16, 2019, attached hereto as **Exhibit 3**.

6. As of this date, the Borrowers have failed to pay the principal and interest due under the matured Credit Agreement, or cure the additional defaults thereunder.

7. On February 22, 2019, Santander foreclosed extra judicially on the Debtor's accounts receivable.

8. Therefore, Debtor's Estates have no interest whatsoever in the pre-petition foreclosed

---

non-cash proceeds of any and all of the foregoing Collateral, including without limitation any rents, revenues, issues and profits arising from the sale, lease, license, exchange, disposition or transfer of any of the foregoing Collateral and, to the extent not otherwise included, all payments under insurance or any indemnity, warranty or guaranty, payable by reason of loss or damage to or otherwise with respect to any of the foregoing Collateral.

[2] The Financing Statements, and all guarantees arising from them, are governed by the Commercial Transactions Act of Puerto Rico, 19 L.P.R.A. §2001 et seq., which allows for the immediate possession of property given as guaranty or collateral if any event of default occurs.

proceeds as they are solely property of Santander.

**WHEREFORE**, Santander respectfully requests that the Court and all parties in interest take notice of the foregoing and deny the Urgent Motion.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of February, 2019.

### NOTICE

Within fourteen (14) calendar days after service as certified below, or such other time as the court may order hereafter, the Debtor shall serve and file an objection or other appropriate response to this motion with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the motion will be deemed unopposed and may be deemed automatically granted, unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interests of justice require otherwise.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties appearing in said system, including the U.S. Trustee.

**O'NEILL & BORGES LLC**
*Attorneys for Banco Santander de PR*
250 Muñoz Rivera Avenue, Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*s/Hermann D. Bauer-Álvarez*
Hermann D. Bauer-Álvarez
USDC No. 215205
E-mail: hermann.bauer@oneillborges.com

*s/Ubaldo M. Fernández-Barrera*
Ubaldo M. Fernández-Barrera
USDC No. 224807
E-mail: ubaldo.fernandez@oneillborges.com

*s/Martha L. Acevedo-Peñuela*
Martha L. Acevedo-Peñuela
USDC No. 300501
E-mail: martha.acevedo@oneillborges.com